# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-380-SLR |
| v. | ) |
| | ) |
| TOM CARROLL, ELIZABETH BURRIS, | ) |
| D. PIERCE, DAVID K. HOLMAN, | ) Jury Trial Requested |
| JOSEPH RICHARDSON, A. PROFACI, | ) |
| D. FIELDS, C.O. BASSINGER, | ) |
| 3 UNK. KITCHEN C.O.'S, QUANI NEAL, | ) |
| DR. LOUISE DESROSIERS, | ) |
| DIETICIAN/NUTRITIONIST CMS, and | ) |
| M. KNIGHT, | ) |
| | ) |
| Defendants. | ) |

## STATE DEFENDANTS TOM CARROLL, ELIZABETH BURRIS, DAVID PIERCE, JOSEPH RICHARDSON, ALISA PROFACI, DORENE FIELDS, CHRISTINE BAYSINGER, AND MICHAEL KNIGHT'S ANSWER TO PLAINTIFF'S COMPLAINT [RE:  D.I. 2]

COMES NOW, State Defendants Tom Carroll, Elizabeth Burris, David Pierce, Joseph Richardson, Alisa Profaci, Dorene Fields, Christine Baysinger and Michael Knight (the "State Defendants")[1], by and through their undersigned counsel, and hereby respond to the unnumbered paragraphs of Plaintiff Lou Garden Price's ("Price" or "Plaintiff") Complaint, dated June 4, 2007 and filed June 12, 2007 (D.I. 2), as follows:

---

[1] It appears from the docket that defendant David Holman has not been served with the Complaint.  Therefore he is not a party to the State Defendants' Answer.

**Previous Lawsuits**

State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the "Previous Lawsuits" section of the Complaint and, therefore, deny same.

**Exhaustion of Administrative Remedies**

State Defendants admit that Price sent a letter to Joseph Richardson. State Defendants also admit that State Defendant Holman responded to Price's letter to State Defendant Richardson. State Defendants further admit that Price's medical records indicate that he submitted sick call slips. State Defendants are without knowledge or information sufficient to form a belief as to the people Price spoke with or what they said in response and therefore, deny same. State Defendants deny each and every other allegation of the "Exhaustion of Administrative Remedies" section not specifically admitted herein.

**Parties**

A.   State Defendants admit that Price is an inmate currently incarcerated at the Delaware Correctional Center ("DCC") at 1181 Paddock Road, Smyrna, DE 19977.

B.   State Defendants deny that a "C.O. Bassinger" works in the MHU kitchen as an officer at DCC. By way of further response, State Defendants state that Christine Baysinger is a Staff Sergeant at DCC who works in the MHU kitchen several days a week.

C.   State Defendants admit that at the time of the filing of Price's Complaint Tom Carroll was the Warden at DCC, Betty Burris and David Pierce were

Deputy Wardens at DCC, David Holman was a Major at DCC, Joseph Richardson was an Investigator at DCC, Alisa Profaci was a Staff Lieutenant at DCC, Dorene Fields was a Lieutenant at DCC, and Michael Knight was a Food Services Administrator at the Department of Correction.  State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph C of the "Parties" section of the Complaint and therefore deny same.

### Statement of Claim

Paragraph No. 1:  The allegations of Paragraph No. 1 of the "Statement of Claim" section of the Complaint are denied.

Paragraph No. 2:  State Defendants admit that Price's medical records indicate that CMS terminated Price's special diet on May 15, 2007.  By way of further response State Defendants state that only the medical provider can terminate an inmate's special diet.  State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph No. 2 of the "Statement of Claim" section of the Complaint and therefore deny same.

Paragraph No. 3:  State Defendants admit that Price sent a letter addressed to Joseph Richardson on or about May 16, 2007.  State Defendants further admit that Price also sent out his medication to State Defendant Richardson.  By way of further response, State Defendant Holman responded to Price's letter by a memorandum dated May 22, 2007, telling Price not to send out his medication.  State Defendants also admit that only the medical provider can prescribe and order a special diet for an inmate.  State Defendants deny each and every other allegation of Paragraph No. 3 of the "Statement of Claim" section of the Complaint not specifically admitted herein.

Paragraph No. 4:    State Defendants admit that a memorandum from State Defendant Holman dated May 22, 2007 is attached to the Complaint.

Paragraph No. 5:    State Defendants admit that State Defendant Profaci returned Price's medications to him. By way of further response, State Defendants state that only the medical provider can prescribe or order a special diet for an inmate. State Defendants deny each and every other allegation of Paragraph No. 5 of the "Statement of Claim" section of the Complaint not specifically admitted herein.

Paragraph No. 6:    State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 6 of the "Statement of Claim" section of the Complaint and therefore, deny same.

Paragraph No. 7:    State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph No. 7 of the "Statement of Claim" section of the Complaint and therefore, deny same.

Paragraph No. 8:    The allegations of Paragraph No. 8 of the "Statement of Claim" section of the Complaint are denied. By way of further response, State Defendants specifically deny that they committed any wrongdoing or violated Price's constitutional rights.

**RELIEF**

State Defendants specifically deny that Plaintiff is entitled to any relief or damages, including injunctive relief, compensatory damages, punitive damages, costs and/or attorneys' fees.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief may be granted.

2. The allegations of the Complaint and the claims made therein are moot.

3. This action and all claims are barred by Eleventh Amendment immunity.

4. As to any claims against the State or against State Defendants in their official capacities, State Defendants and the State are protected from liability by the doctrine of sovereign immunity.

5. State Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

6. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

7. As to any claims sounding in state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

8. To the extent Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

9. Plaintiff has failed to exhaust his administrative remedies,

including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10. State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

12. The Plaintiff's claims are barred by his contributory negligence.

13. Plaintiff fails to state a claim against State Defendants for failure to train and maintenance of wrongful customs, practices and policies.

14. Plaintiff fails to state a claim against State Defendants for violation of the Eighth Amendment.

15. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

16. Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

17. Insufficiency of service of process.

18. Insufficiency of process.

19. Lack of jurisdiction over the person and subject matter.

        **DEPARTMENT OF JUSTICE**
        **STATE OF DELAWARE**

        */s/ Erika Y. Tross*
        Erika Y. Tross (#4506)
        Deputy Attorney General
        820 N. French Street
        Wilmington, DE 19801
        (302) 577-8400
        Attorney for State Defendants

Dated: October 18, 2007

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on October 18, 2007, I caused a true and correct copy of the attached *State Defendants Tom Carroll, Elizabeth Burris, David Pierce, Joseph Richardson, Alisa Profaci, Dorene Fields, Christine Baysinger, and Michael Knight's Answer to Plaintiff's Complaint [Re: D.I. 2]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Lou G. Price, Sr.
SBI #454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

☐ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

☐ Two true copies by Federal Express

☐ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400