In The United States District Court
For The District of Delaware

Lou G. Price, Sr.
Plaintiff,

v.

Tom Carroll, et al.
Defendants.

C.A. No. 07-380-SLR

Jury Trial Requested

**Plaintiff's Response To State Defendants, (Tom Carroll, et al), Opposition To Plaintiff's Motion For Preliminary Injunctive Relief (D.I. 17)**

The Plaintiff respectively requests that this Honorable Court accept this "letter form" motion as a properly filed response to the State defendants' opposition to my motion requesting injunctive relief.



RECEIVED
OCT 23 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1). The State Defendants concede that Dale Rogers (<u>Dr. Dale Rogers, that is</u>) ordered a special diet for Price 4/4/06. She's a doctor for CMS.

2). The State alludes to the fact that Rebecca Vliet terminated Price's special diet. Ms. Vliet is only a nurse - not a doctor. The State says that "although Price's medical records do not indicate the reason why CMS terminated Price's special diet it is likely CMS terminated the diet because Price was not picking up his special diet tray during meal times." The latter is speculative. The former is where the red flag is raised because as I informed the Court, Lt. Dorene Fields came around with a stack of CMS Treatment Refusal Slips and signed "Refuse To Sign" where the <u>signature of person refusing</u> bar is. In order to terminate treatment an inmate must sign a refusal form in the presence of the medical provider, (protecting them from liability I presume). The Court should be

unpersuaded by the State Defendants' speculative and illogical reasoning. Their hands (State's) are all over why Price's diet was terminated even though they state "neither the Food Service Staff nor any other DCC employee may terminate an inmates special diet. Only the medical provider can..." (But Lt. Fields was the stalking horse for CMS if you will because it was not CMS who came around with the "refusal slips" – it was a DCC Lieutenant).

3). Page 3 at #9. Here ignorance is both a defense and bliss combined. Food Service supposedly reports to CMS that the inmate is not picking up his special diet (pg 3 at #5) so – even though it was ordered 4/23/07 and 6/21/07 then in between Nurse Vliet terminated diet on 5/15/07, the Food Service was "not aware" that Price should receive a special diet? Thus (at #10 pg 4) if the protocol for diets is for it to entered into the computer system by CMS then why would Nurse Adrian

even stop to "call a member of the Food Service staff" to inform her that Price was to receive a special diet? (instead of checking the system).

Simply put its a wicked game where DCC and CMS are pointing the finger now that Price has brought legal action against them. This Court should see that.

4). As to (11)(12) thru (14) of the State's Motion that my request for preliminary injunction is moot, being that I am once again receiving my special diet, (since 9/4/07). First let me say that I'm receiving it because I brought an Action before the Court; if I had not I would not be receiving my special diet. CMS and DCC are playing a cruel game with my life and being that they are so used to following a cruel pattern the Court should grant the relief I've requested. I was picking up my diet trays before and they were terminated by the contributory

actions of both CMS and DCC. I've alleged retaliation and now that I have it does not mean they won't do it again. How is the issue "moot" when the State says that my medical records do not indicate why my diet meals were terminated — by a <u>nurse</u> who works (or worked) closely by Quami Neal, one of the primary subjects involved in my retaliation claims (see my Amended Complaint).

The primary issue at bar is not the fact that I have once again been receiving my diet meal but the fact that I was deliberately deprived my doctor-prescribed special diet, (which are viable claims under the 8th Amendment). Neither the State nor CMS for that matter is denying that deprivation. Instead fingers are pointing. There was no "mistake" made and no "confusion" — I understand the difference which is why I'm seeking injunctive relief (accompanied by a request for TRO as well).

In closing, let me highlight the

Fact that Lt. Dorene Fields was the Stalking Horse in all of this. The State contends that only CMS can terminate special diets. Well, it's only Lt. Dorene Fields' "refused to sign" signature on the CMS Treatment Refusal slips. Not CMS'. In Fact, no one from CMS ever once asked me if I had been refusing my meals (or "refusing treatment" which, in essence, is what a therapeutic diet is). So if only CMS can terminate diets why didn't they sign a refusal slip with my name on it. To a further extent, the State says that inmates have to show their identification card at meal times, kitchen staff checks off our names and if we don't pick up our meals CMS may terminate us from the special diets. If that was the case then why did Lt. Fields come around with all of those refusal slips? Answer: because it was all done in the conspiratorial underhanded manner I have previously described.

After all...

The State says that my "medical records do not indicate the reason why CMS terminated Price's special diet...". <u>Red Flag</u>.

    Doctor prescribes the special diet.
    Nurse Rebecca Vliet terminates the diet...
    Based on what Lt. Dorene Fields and DCC Kitchen staff orchestrated and did. The nexus is obvious.

    Last, I have previously established in my motion all (4) Factors required before obtaining injunctive relief. 1). I will proceed or succeed on the merits, seeing that the proof is essentially already established before the Court in my claims; 2). Due to their (CMS) gross pattern of inadequate medical care and the fact that doctors find it necessary to continue to determine an existing need for me to be on a special diet, (due to apparent risk factors to my heart/HBP, etc) and all the current claims I have before

this Court, not granting the preliminary injunction will result in irreparable harm to plaintiff — not (3) to the State Defendants; and granting (4) of the injunction is in the public interest.

Price respectively urges this Court to examine closely his Motion For A Preliminary Injunction as well as the Amended Memorandum of Law In Support of Plaintiff's 1983 And 1985 Civil Rights Complaints, and GRANT his Motion For Injunctive Relief.

## Certificate of Service

I, _Lou G. Price, Sr._, hereby certify that I have served a true and correct cop(ies) of the attached: _Plaintiff's Response To State Defendants Opposition To Plaintiff's Motion For Preliminary Injunctive Relief (D.I. 17)_ upon the following parties/person(s):

TO: US District Court Del.
Court Clerk Mr. P. Dalleo
844 N. King St
Box 18 Wilmington
Del 19801

TO: Ms. Erika Y. Tross, Esq.
820 N. French St.
Dpt of Justice
Civil Division
Wilmington, De 19801

TO: Mrs. Lorenza Wolhar, Esq.
1220 N. Market St.
P.O. Box 8888
Wilmington De
19899-8888

TO: Ralph Durstein, Esq.
Dept of Justice
Civil Div.
Wilm. De
19801

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _____ day of _____, 2007

_____