UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., ) | |
| ) | Case No. 07-380 |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| TOM CARROLL, ELIZABETH "BETTY" ) | |
| BURNS, D. PIERCE, DAVID K. ) | |
| HOLMAN, JOSEPH RICHARDSON, ) | |
| A. PROFACI, D. FIELDS, C.O. ) | |
| BASSINGER (B-KIT.), 3-UNK. ) | |
| KITCHEN C.O.s, QUANI NEAL, ) | |
| DR. LOUISE DESROSIERS; ) | |
| DIETICIAN/NUTRITIONIST CMS; ) | |
| And M. KNIGHT. ) | |
| ) | |
| Defendants. ) | |

---

## ANSWER TO COMPLAINT

Defendant Shari Neal[1] ("Answering Defendant"), by and through her undersigned counsel of record, states as follows:

1.  To the extent that the allegations of Paragraph 1 are not directed toward Answering Defendant, no response is required. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 regarding what Plaintiff and Lt. Fields may have done or said, and so they are denied. The remaining allegations are admitted to the extent consistent with Plaintiff's medical records, and otherwise denied. Allegations of conspiracy are denied.

2.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 regarding what Plaintiff and "MHU B-side worker" may have done or said, and so they are denied.

---
[1] Improperly identified as "Quani Neal")

3. Admitted that Plaintiff has attached to his Complaint a letter. The letter speaks for itself. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 regarding whether that letter was ever sent, or to whom, who may have responded to the letter, what form such purported responses may have taken, or the substance of such purported responses, or what actions the individuals identified in this paragraph may or may not have taken in response to the letter, and so all allegations are denied.

4. Admitted that Plaintiff has attached to his Complaint a document dated May 22, 2007. The document speaks for itself.

5. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 regarding what Plaintiff and "Staff Lt. Profaci" may have done or said, and so they are denied.

6. Admitted to the extent consistent with Plaintiff's medical records, otherwise denied.

7. Admitted to the extent consistent with Plaintiff's medical records, otherwise denied. Characterizations such as "well-documented" and "clearly" are denied.

8. To the extent the allegations of paragraph 8 (and its subparts) constitute conclusions of law, no response is required. To the extent the remaining allegations of paragraph 8 are not directed toward Answering Defendant, no response is required. Allegations regarding Plaintiff's medical history and conditions are admitted to the extent consistent with his medical records, otherwise denied. Answering Defendant denies all allegations of negligence, recklessness, deliberate indifference and causation. Answering Defendant denies any violation of civil rights.

## ADDITIONAL DEFENSES

9. Plaintiff fails to state a claim upon which relief can be granted.

10. Answering Defendant was not deliberately indifferent to any serious medical need.

11. Plaintiff fails to state a claim against Answering Defendant for medical negligence.

12. To the extent Plaintiff states a claim for medical negligence pursuant to state law, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

13. Plaintiff's claims are barred by the statute of limitations.

14. Answering Defendant was not acting under color of State or Federal law.

15. Plaintiff fails adequately to plead a claim for punitive damages.

16. Answering Defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

17. Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

18. Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of Answering Defendant.

19. Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendant were not responsible and over whom Answering Defendant had no authority or control.

20. Answering Defendant, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that her actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

21. Answering Defendant is entitled to good faith immunity.

22. Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

23. Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

24. Plaintiff's claims may be barred or limited by contributory/comparative negligence.

24. Plaintiff failed to mitigate his damages.

25. Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

26. Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by her co-defendants.

27. Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

28. Answering Defendant denies all cross-claims asserted against her now or hereinafter.

WHEREFORE, Answering Defendants Shari Neal respectfully requests entry of judgment in her favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC

    /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants
Shari Neal

Date:   December 11, 2007

## **CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 11th day of December 2007, the foregoing Answer to Complaint of Defendant Shari Neal was filed via CM/ECF and served First Class Mail upon the following:

        Lou Garden Price, Sr.
        SBI# 454309
        Delaware Correctional Center
        1181 Paddock Rd.
        Smynra, DE 19977

        Erika Yvonne Tross, Esquire
        Delaware Department of Justice
        820 North French Street
        6th Floor
        Wilmington, DE 19801


                              /s/ James E. Drnec
                        James E. Drnec, Esquire (#3789)