In The United States District Court In And
For The District of Delaware

Lou G. Price, Sr.
        Plaintiff,

        v.

Carl Danberg, State DOC
Commissioner, et. al.
        Defendants.

C.A. No. 07-380-SLR

Jury Trial Requested



Motion Seeking Preliminary Injunctive Relief **AND**
Supplement To Plaintiff's Amended Memorandum of
Law In Support of Plaintiff's .1983 And 1985
Civil Rights Complaint (Filed Pro Se)

Whereas, the Plaintiff, Lou G. Price has
Filed the instant suit Pursuant to Federal
Rules of Civil Procedure, Title 42 Sections 1983
and 1985 authority of this Honorable Court's
jurisdiction is hereby predicated. At this time

Plaintiff is supplementing to his suit the continued/ongoing civil rights violations by administrative as well as security personnel at DCC where Plaintiff remains as prisoner.

As such, Plaintiff is seeking this Court to issue a preliminary injunction ORDERING Administrative Defendants and Security Personnel to immediately cease and desist from their retaliation efforts against Plaintiff which is a blatant civil rights violation under $\frac{8}{9}$ 1985 and a violation of the Eighth Amendment of the United States Constitution.

## Facts:

1). On November 13, 2007, Plaintiff was taken out of the SMHU area of DCC and housed in D-Building East, F Tier 8-Cell Top Bunk...

a). Plaintiff contends that a Bottom Bunk memo was written by VP Sherell

OTT on February 23, 2006 due to the condition peripheral neuropathy in his right wrist. (Exhibit "C" attached)

b). For the most part of the 26 months Plaintiff spent in MHU he was assigned to bottom bunk status.

c). On November 13, 2007 Plaintiff presented these same set of facts to D-East Sgt. Thomas aka "Bambi", who promised to speak with Major Holman (a party to the instant action #07-380-SLR), or Captain Janice Henry. Sgt. Thomas did neither but to deprive me and create a dangerous condition for Plaintiff she refused to return Plaintiff's Bottom Bunk Memo ; the outside medical report which plaintiff provided so she could show Capt. Henry.

d). Plaintiff wrote a complaint to Deputy Warden D. Pierce (which is

hereby attached), on November 16th, 2007. The complaint was in regards to the Bottom Bunk memo being taken, the continuous retaliation being lodged against Plaintiff and the obvious refusal of DCC Security to provide Plaintiff adequate clothing (esp. during plummeting temperatures, rainy weather, etc). (See Exhibit "A" attached).

As usual Deputy Warden Pierce is refusing to respond (as of this date 12/14/07, nearly 30 days after Plaintiff's initial complaint).

e). Plaintiff, as a result of being forced to take the Top Bunk has fallen and injured himself numerous times already (re-injured his wrist, re-injured his knee, banged his head, twisted his ankle and aggravated the cervical condition in his neck to such a degree that he

caused his chronic migraine conditions to increase seven-fold). It can also be verified that Plaintiff has missed many days of medication pick-up and meal pick-ups due to the above injuries.

2). On 11/13/07, as previously mentioned, Plaintiff was transferred to D-East. To educate the Court, Plaintiff had to change the color of his MHU uniform (prison "yellows") and change into "whites". So to do that he had to stop in Booking and Receiving. While there, Plaintiff was given one set of Whites which were way to small (tight, short — cutting off his circulation) but the B&R Sgt. said that "I can only give you what I have." For two days the Plaintiff literally begged Cpl. Lynch, Sgt. Thomas, C.O. Adams, Sgt. LeGates, etc. to

just call Bill and have him send me
general issue which is:

2 White V-neck shirts

2 Pair Pants

2 Sweatshirts

6 Pair Socks

6 T Shirts

1 Winter Hat

1 Coat

2 Towels

2 Washcloths


On 11/13/07, Plaintiff was given

1 pr tight pants 4X
1 white shirt


That's all. Plaintiff is 6 feet 7
inches and the C.O. in the storeroom

(clothing) knows Plaintiff's usual clothing issue is:

7X    Pants
7X    Shirts
6X    T-Shirts
7X    Boxers

—and so on. Storeroom/Clothing C.O. Dill has only issued "yellows" to Plaintiff but Plaintiff — following procedure — submitted a Clothing Request to Sgt. Thomas in D/E shortly after his arrival, so C.O. Dill could deliver the proper sizes (a clothing request form is attached).

a). On 12/10/07, Cpl. M. Lynch told Plaintiff " C.O. Dill is bringing a load of bags (clothes) to us

in the morning." Plaintiff believed he'd get his basic prison issue, but that did not occur.

b). On 12/11/07 Sgt. Thomas and Cpl. M. Lynch passed out literally dozenz of bags of clothes (new clothes) from the clothing room and Sgt. Thomas said "you don't have a bag, go lock in," in her usual sarcastic/sardonic manner.

c). Plaintiff not only filed a complaint to Dep. D. Pierce but he also made sure that he filed a timely grievance since the IGC expiration is 7 days from the incident date. The grievance was filed on November 15, 2007 (the Incident Date was 11/13/2007).

The two issues at bar, the reason for this request for preliminary injunctive relief, is that:

1). Remaining on a <u>Top Bunk</u> is detrimental to the life and limbs of Plaintiff (and due to medical documentation from a Dcc Physician concerned for his safety, as well as this Honorable Court's own knowledge of C.A. No. 05-CV-871-SLR regarding Plaintiff's medical condition) an injunction is justified.

a). Plaintiff has alleged Section 1985 retaliation claims prior to this;

b). A Preliminary Injunction will in no way harm the Defendants.

c). Not issuing the injunctive relief sought will harm the Plaintiff (as he has already suffered injury),

d). The Court is hereby provided with proof that Dcc officials are acting with deliberate indifference because they know and have requisite mind state of any jail potentially dangerous outcomes.

2). Although Plaintiff has filed a grievance to attempt retaining adequate clothing, a grievance will not resolve this retaliation effort by the Defendants before Winter's End.

a). Plaintiff being deprived adequate clothing is a violation of the Eighth Amendment because subjecting Plaintiff to having to bear with freezing weather/harsh weather conditions without proper clothing is cruel and unusual punishment.

b). Plaintiff has to walk to eat in the cold, go on passes in the cold, and is unable to enjoy normal prison life due to his not having adequate clothing (incl. a hat and coat to protect him from cold, pneumonia, flu, and death).

Whereby, Plaintiff requests that this Court issues preliminary emergency injunctive relief ORDER demanding DCC

CEASE Retaliation Efforts re: Plaintiff;

Demand Plaintiff be permanently placed on Bottom Bunk;

And Plaintiff to be given proper prison clothing issue immediately.

Respectfully Submitted,

Dated:
12/11/07

Lou L. Price, Sr

DCC - Smyrna

Exhibit "A"

Complaint To Dep Warden Pierce

re: Bottom Bunk Status

Inadequate Clothing

Deputy Warden D. Pierce,

From: Lou G. Price, Sr. #454309    DE-F-8-Top

Re: Bottom Bunk Status/Inadequately Sized Clothing

November, 16th, 2007

Dear Mr. Pierce:

    I was brought to D-East F-8-Top Bunk and I provided medical documentation to Sgt. Thomas regarding a Bottom Bunk Memo by NP S. Ott and an outside doctor's report regarding the neuropathy in my wrist. Sgt. Thomas failed to speak with Capt. Henry about this matter but I managed to stop Ms. Henry today and I told her to see the paperwork I'd provided Sgt. Thomas with. Capt. Henry specifically stated "I don't need to see it because I'll call Major Holman to verify it." C.O. Russel came to me and stated "Capt. Henry said you have to write Mr. Pierce because Mr. Holman said he knows nothing about your Bottom Bunk Status, so you have to stay on the top bunk." Further,

Sgt. Thomas would not return my copy of the Bottom Bunk Memo and she refuses to obtain adequate clothing from the storeroom and she sees that the pants provided me from B/R are humiliatingly small for a man my size.

Mr. Pierce, I have now complained to you IGC, the courts, I'll say ad nauseam regarding the retaliation being executed against me because of my use of the courts where I'm seeking legal relief from the numerous constitutional violations by DCC and CMS, Inc. Additionally, how would Mr. Holman not know I have a doctor-ordered Bottom Bunk Status and I provided it to Sgt. Thomas and was told by Capt. Henry " I don't need to see it. . . " Moreover, as part of my discovery package from the State and CMS I was provided with literally hundreds of pages of my medical file where I've had a Bottom Bunk memo from Camp Hill Pa. (Pa-DOC) and DCC and — as part of the constant retaliation DCC officials have decided to take against me — the memo is not being honored (and I'm suffering because your employees knowingly decided to make me suffer). Your intervention is hereby requested

. and For the record a grievance is being Filed simultaneously and I have written (2) copies of this complaint For any Further Future use,

Very Truly Yours,

Lou G. Price, Sr.
#454309

Exhibit "B"

Nov. 15, 2007    Grievance
re: inadequate clothing,

DCC  **Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 11/27/2007

## GRIEVANCE REPORT

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|

| | | |
|---|---|---|
| Offender Name : PRICE, LOU G | SBI#    :  00454309 | Institution    : DCC |
| Grievance #    : 145627 | Grievance Date    :  11/15/2007 | Category    : Individual |
| Status    : Unresolved | Resolution Status : | Resol. Date    : |
| Grievance Type: Laundry/Clothing | Incident Date    :  11/13/2007 | Incident Time : |
| IGC    : McCreanor, Michael | Housing Location : Bldg D-EAST, Tier F, Cell 8, Top | |

| OFFENDER GRIEVANCE DETAILS | | |
|---|---|---|

**Description of Complaint:**  I was transferred to D/E from bldg 23 and was given clothing way to small for a man my size. The receiving room Sgt said that he could only give me what he had.  For (2) days straight and counting I have tried to get D/E Sgt/ C/O's to obtain the proper clothing I need from R/R or storeroom/ C/O Dill, to no avail.  I feel humiliated having to wear 4x pants that are liberally half the size of what I would normally fit into.

**Remedy Requested**    :    Immediate action provide proper clothing that fits.

| INDIVIDUALS INVOLVED | | |
|---|---|---|
| Type | SBI # | Name |

| ADDITIONAL GRIEVANCE INFORMATION | |
|---|---|
| Medical Grievance : NO | Date Received by Medical Unit : |
| Investigation Sent : | Investigation Sent To    : Henry, Janice |
| Grievance Amount : | |

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261
Date: 11/27/2007

## INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : PRICE, LOU G | SBI# : 00454309 | Institution : DCC |
| Grievance # : 145627 | Grievance Date : 11/15/2007 | Category : Individual |
| Status : Unresolved | Resolution Status: | Inmate Status : |
| Grievance Type: Laundry/Clothing | Incident Date : 11/13/2007 | Incident Time : |
| IGC : McCreanor, Michael | Housing Location :Bldg D-EAST, Tier F, Cell 8, Top | |

### INFORMAL RESOLUTION

Investigator Name  : Henry, Janice                         Date of Report  11/27/2007

Investigation Report :

Reason for Referring:


Offender's Signature:_____

Date              :_____

Witness (Officer)  :_____

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Exhibit "C"

Medical doctor memo to Maj Holman, Staff Lt. Taylor and Staff Lt. Profaci to place Plaintiff on ~~Top~~ Bottom Bunk For Physical safety

## MEMORANDUM

#2

DATE: 2-23-06          RE: Lou Price

TO: Mrs Holmanson      SBI 454309

5. Lt Taylor           MHU 22

S. LT Profaci

Due to the above named inmates medical Condition (Peripheral Neuropathy: Rt Hand) he needs to be placed on a bottom bunk for his physical safety.

Thank You

SHEREL A. OTT, MSN, FNP-C

SIGNED _Sherel A Ott MSN FNP_

TOPS FORM 4150          ☐ PLEASE REPLY ☐ NO REPLY NEEDED

D00197

Exhibit "D"

Blank Clothing Request Form

**INMATE CLOTHING REQUEST**

NAME: _____

SBI#: _____    DATE: _____

BLDG: _____    CELL #: _____

| SIZE | ITEM | AMOUNT |
|------|------|--------|
|      |      |        |
|      |      |        |
|      |      |        |
|      |      |        |
|      |      |        |
|      |      |        |
|      |      |        |
|      |      |        |

FORM#: 178          _____
                      APPROVED BY

## Certificate of Service

I, _Lou G. Price_, hereby certify that I have served a true

and correct cop(ies) of the attached: _Motion For Injuctive Relief AND_

_Supplement To Plaintiffs Memorandum of Law Re_ upon the following

parties/person (s): _Plaintiffs 1983/1985 Complaint_

TO: _US Dist Court Clerk_        TO: _Erika Tross, Esq._

_844 King St._                   _820 N. French St._

_LockBox 18_                     _Dept of Justice_

_Wilm   De_                      _Wilm.  De_

_____ 19801                  _____ 19801

TO: _K. J. Connors, Esq_         TO: _____

_L. Wolhar, Esq_                 _____

_1220 N. Market St._             _____

_PO Box 8888_                    _____

_Wilm De  19899_                 _____

_____                    _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE  19977.

On this _13_ day of _December_ _____, 2007

_Lou Price, Jr._



UNITED STATES POSTAGE
$ 04.489
0004808075  DEC 14 2007
MAILED FROM ZIPCODE 19977

INM. Lou G. Price Sr.
SBI# 451309  UNIT  D/E
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

05-871-SLR
US District Court Clerk
King St
844 XXXXXX
Wilm  De  19801

U.S.M.S.
X-RAY