IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-380-SLR |
| v. | ) | |
| | ) | |
| TOM CARROLL, ELIZABETH BURRIS, | ) | |
| D. PIERCE, DAVID K. HOLMAN, | ) | Jury Trial Requested |
| JOSEPH RICHARDSON, A. PROFACI, | ) | |
| D. FIELDS, C.O. BASSINGER, | ) | |
| 3 UNK. KITCHEN C.O.'S, QUANI NEAL, | ) | |
| DR. LOUISE DESROSIERS, | ) | |
| DIETICIAN/NUTRITIONIST CMS, and | ) | |
| M. KNIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION FOR INJUNCTIVE RELIEF [RE: D.I. 41]**

COMES NOW, State Defendants Tom Carroll, Elizabeth Burris, David Pierce, David Holman, Joseph Richardson, Alisa Profaci, Dorene Fields, Christine Baysinger and Michael Knight (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion Seeking Preliminary Injunction Relief (the "Second Motion for Injunctive Relief") (D.I. 41). In support of the Response, State Defendants state as follows:

1. Plaintiff Lou G. Price, Sr. ("Price" or "Plaintiff") is an inmate presently incarcerated at the Delaware Correctional Center in Smyrna, Delaware("DCC"). Price is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On June 12, 2007, Price filed a Complaint instituting the above-captioned matter. In the Complaint Price alleges, *inter alia*, that the defendants are denying him his special medical diet in violation of his constitutional rights. (D.I. 2).

3. On August 31, 2007, Price filed his first motion for injunctive relief requesting that the Court grant him an injunction and order the defendants to provide him a special diet (the "First Motion for Injunctive Relief"). (D.I. 17). The State Defendants filed a response in opposition to Price's First Motion for Injunctive Relief on October 17, 2007 stating that the Court should deny Price's motion because he was being given his special diet and would not suffer irreparable harm if the motion was denied. (D.I. 25). The Court agreed with the State Defendants and on January 8, 2008 entered an order denying the First Motion for Injunctive Relief. (D.I. 47).

4. Six months after he filed his Complaint Price filed the Second Motion for Injunctive Relief. By the Second Motion for Injunctive Relief Price alleges that the State Defendants are retaliating against him for filing his Complaint.

5. Price's allegations of retaliation stem from his transfer, on November 13, 2007, from the Medium-High Security Housing Unit (the "MHU") to the D Building in the Medium Security Housing Unit. Price claims that when he was transferred the State Defendants retaliated against him by denying him proper clothing and by denying him a top bunk.

6. Upon a transfer from the MHU to the D Building an inmate is required to change uniform colors. Price stands approximately six feet, seven inches high and he weighs over 250 pounds. Because of his height and weight Price wears a size 7x in clothing. As a result of his extremely large size, clothing is hard to find and is not always

readily available. When Price was transferred he was given clothing, but in a smaller size. He was then informed that he would be given the proper sized clothing when it was available.

7. On December 27, 2007, the laundry issued to Price two (2) pairs of pants, a shirt, six (6) pairs of socks, two (2) sweatshirts, six (6) t-shirts, and six (6) undershorts all in the proper size. (Exhibit A). Therefore Price now has clothing in the proper color and proper size. All in all Price had to wear a smaller size of clothing for less than two months.

8. After his transfer to the D Building Price was assigned to the top bunk of his cell. Price claims that he has a bottom bunk pass issued by medical and he should not be on the top bunk of a cell.

9. If an inmate requires special medical accommodations outside of the Inmate Housing Rules the medical provider must fill out a specific form entitled "Medical Memorandum Request to Security" (the "Medical Memorandum Request Form"). (Exhibit B at ¶ 3). This form must be signed by a physician and returned to the office of the Deputy Warden for approval. (*Id.* at ¶ 3-4). The security staff at DCC will not accept a Medical Memorandum Request Form if it has not been approved and signed by the Deputy Warden. (*Id.* at ¶ 4).

10. After the Deputy Warden approves the Medical Memorandum Request Form the signed form is sent to the institutional transfer officer. (*Id.* at ¶ 5). The transfer officer keeps track of those inmates who require bottom bunks and moves these inmates in accordance with their needs. (*Id.*).

11. The Deputy Warden's records indicate that Price does not have an approved Medical Memorandum Request Form on file. (*Id.* at ¶ 6).

12. Since his transfer to D Building and a top bunk, Price has not filed any grievances regarding his being assigned to a top bunk. In addition, Price has not filed any sick call slips indicating that he has suffered a fall or injury from sleeping on the top bunk. In fact, Price's latest infirmary admission sheet specifically indicates that Price has not recently suffered a fall. (Exhibit C). Moreover, his medical records do not indicate that he has any bruising or injuries from falling off the top bunk.

13. Given the facts of this case, injunctive relief is not appropriate and the Court should deny Price's Second Motion for Injunctive Relief.

## I. Price Has Received The Proper Size Clothing. Therefore His Request For Preliminary Injunction Is Moot.

14. In the Second Motion for Injunctive Relief Price asks the Court to order that the defendants provide him with the correct size clothing. Price, however, has already received the relief he is requesting.

15. On December 27, 2007, the laundry issued Price clothing in his size. Given that Price has received the correct size clothing, his Second Motion for Injunctive Relief asking the Court to order the State Defendants to supply him with the proper clothing should be denied as moot.

## II. Price Cannot Satisfy The Requirements For Injunctive Relief, Therefore The Court Should Deny The Motion.

16. A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

17.     The Third Circuit holds that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

18.     To obtain a preliminary injunction Price must satisfy all four factors. If he cannot prove that he has a likelihood of success on the merits of his claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

**A.      Price is not likely to succeed on the merits of his retaliation claim.**

19.     To demonstrate a likelihood of success on the merits of a retaliation claim a plaintiff must show that: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some "adverse action" at the hands of the prison officials; and (3) his constitutionally protected conduct was "a substantial or motivating factor" in the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). If the plaintiff can demonstrate a likelihood of success, the burden then shifts to the prison officials to demonstrate that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

20.     In this case Price cannot demonstrate that he has suffered adverse action at the hands of the State Defendants.

21.     First, the record is clear that clothing was not available in Price's size at the time of his transfer.  Thus, this is clearly not a case where the clothing was available and withheld from Price.  Rather Price was given clothing in a smaller size and told that the laundry would obtain clothing for him in his size.  Therefore Price cannot show that he suffered adverse action at the hands of the DCC corrections officers.

22.     Second, the record reveals that Price is not entitled to receive a bottom bunk.  The Deputy Warden's records reflect that Price does not have an approved Medical Memorandum Request Form on file.  Therefore Price was not entitled to receive a bottom bunk and the State Defendants were not retaliating against him when he was not given a bottom bunk.

      **B.**     **Price is receiving his clothing, and his medical records indicate that he has not suffered any injury as a result of sleeping on a top bunk, therefore he will not suffer irreparable harm if the Court denies his request for preliminary injunction.**

23.     To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added).  Injunctions are not issued to eliminate a possibility of a remote future injury.  *Id.*  Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).  Moreover, injunctive relief is used to prevent definite future harms, not to remedy past violations.  *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

24.     Price is not in danger of suffering irreparable harm.  As has already been demonstrated Price has received the proper sized clothing.  Therefore he will not suffer irreparable harm in the future.

- 7 -

25.     Further, Price's medical records indicate that Price has not suffered any falls or injuries as a result of sleeping on the top bunk.  In fact his recent infirmary admission report clearly states that he has not had any falls.  (Exhibit C).  Moreover, Price has not filed any sick call slips or grievances stating that he has injured himself as a result of falling from the top bunk.  Therefore Price cannot prove he will suffer irreparable injury if the Court denies his request for injunctive relief.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiff's Second Motion for Injunctive Relief.

                                           **DEPARTMENT OF JUSTICE**
                                           **STATE OF DELAWARE**

                                           */s/ Erika Y. Tross*
                                           Erika Y. Tross (#4506)
                                           Deputy Attorney General
                                           Carvel State Office Building, 6th Floor
                                           820 N. French Street
                                           Wilmington, DE  19801
                                           (302) 577-8400
                                           Attorney for the State Defendants

Dated: January 8, 2008

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-380-SLR |
| v. | ) | |
| | ) | |
| TOM CARROLL, ELIZABETH BURRIS, | ) | |
| D. PIERCE, DAVID K. HOLMAN, | ) | Jury Trial Requested |
| JOSEPH RICHARDSON, A. PROFACI, | ) | |
| D. FIELDS, C.O. BASSINGER, | ) | |
| 3 UNK. KITCHEN C.O.'S, QUANI NEAL, | ) | |
| DR. LOUISE DESROSIERS, | ) | |
| DIETICIAN/NUTRITIONIST CMS, and | ) | |
| M. KNIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon the Plaintiff's Second Motion for Injunctive Relief (D.I. 41), and State Defendants' Response in Opposition to Plaintiff's Second Motion for Injunctive Relief; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Injunctive Relief (D.I. 41) is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on January 8, 2008, I caused a true and correct copy of the attached ***State Defendants' Response in Opposition to Plaintiff's Second Motion for Injunctive Relief [Re: D.I. 41]*** to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Inmate Lou G. Price, Sr.
SBI #454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**VIA ELECTRONIC DELIVERY:**
James E. Drnec, Esq.
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

FORM #: 11-B
(F&B)

**DEPARTMENT OF CORRECTION**
DCC
**STATEMENT OF INMATE CLOTHING INVENTORY AND ISSUE**
Case 1:07-cv-00380-SLR    Document 48-2    Filed 01/08/2008    Page 2 of 3

DATE: 09/21/05

NAME: Price, Lou     S.B.I.#: 00454309

| ITEM | AMT. AUTH. | QUANT/DATE | | QUANT/DATE | | QUANT/DATE | | QUANT/DATE | |
|---|---|---|---|---|---|---|---|---|---|
| BASEBALL CAP (PERSONAL) | 1 ea. | | | | | | | | |
| BATHROBE (PERSONAL) | 1 ea. | | | | | | | | |
| COTTON GLOVES | 1 pr. | | | | | | | | |
| HANDKERCHIEF (PERSONAL) | 3 ea. | | | | | | | | |
| INSULATED UNDERWEAR (PANTS) | 2 pr. | | | | | | | | |
| INSULATED UNDERWEAR (SHIRT) | 2 ea. | | | | | | | | |
| JACKET - SIZE | 1 ea. | | | | | | | | |
| KNIT CAP | 1 ea. | | | 1 | 12/06 | | | | |
| KUFI (PERSONAL) | 2 ea. | | | | | | | | |
| LAUNDRY BAG | 1 ea. | | | | | | | | |
| PAJAMAS (PERSONAL) | 2 ea. | | | | | | | | |
| PANTS - SIZE | 2 pr. | S1 | 09/05 | 2 | 12/06 | 2 | 12/07 | | |
| POCKET T-SHIRT (PERSONAL) | 6 ea.* | | | | | | | | |
| PRAYER RUG (PERSONAL) | 1 ea. | | | | | | | | |
| RELIGIOUS MEDALLION w/CHAIN (PERSONAL) | 1 ea. | | | | | | | | |
| SHIRT - SIZE | 2 ea. | S1 | 09/05 | 2 | 12/06 | 1 | 12/07 | | |
| SHOES - SIZE | 1 pr. | | | | | | | | |
| SHORTS - SIZE | 2 ea. | | | | | | | | |
| SNEAKERS - SIZE | 1 pr. | S1 | 09/05 | | | 1 | 8/07 | | |
| SOCKS | 6 pr. | S1 | 09/05 | | | 6 | 12/07 | | |
| SUNGLASSES (PERSONAL) | 1 ea. | | | | | | | | |
| SWEATBAND - HEAD (PERSONAL) | 1 ea. | | | | | | | | |
| SWEATBAND - WRIST (PERSONAL) | 1 pr. | | | | | | | | |
| SWEATPANTS (PERSONAL) | 2 pr. | | | | | | | | |
| SWEATSHIRT (PERSONAL) | 2 ea. | S1 | 09/05 | 2 | 12/06 | 2 | 12/07 | | |
| T-SHIRTS - SIZE | 6 ea. | S1 | 09/05 | 6 | | 6 | 12/07 | | |
| TOWELS | 2 ea. | S1 | 09/05 | 2 | | | | | |
| UNDERSHORTS - SIZE | 6 ea. | S1 | 09/05 | 6 | | 6 | 12/07 | | |
| WASH CLOTHS | 2 ea. | S1 | 09/05 | 2 | | | | | |
| WEDDING BAND (PERSONAL) | 1 ea. | | | | | | | | |
| WRISTWATCH/BAND (PERSONAL) | 1 ea. | | | | | | | | |
| FAN | 1 ea. | | | | | | | | |
| HEADPHONES | 1 ea. | | | | | | | | |
| LOCKER BOX | 1 ea. | | | | | | | | |
| RADIO/ SERIAL # | 1 ea. | | | | | | | | |
| TV/SERIAL # | 1 ea. | | | | | | | | |

DATE ISSUED: 09/21/05

INMATE SIGNATURE: X _Lou Price_     STAFF SIGNATURE: _[signature]_

## STATEMENT OF INMATE CLOTHING INVENTORY AND ISSUE

NAME: Price, Lou    S.B.I.#: 454309

| ITEM | AMT. AUTH. | QUANT/DATE | QUANT/DATE | QUANT/DATE | QUANT/DATE |
|---|---|---|---|---|---|
| BASEBALL CAP (PERSONAL) | 1 ea. | | | | |
| BATHROBE (PERSONAL) | 1 ea. | | | | |
| COTTON GLOVES | 1 pr. | | | | |
| HANDKERCHIEF (PERSONAL) | 3 ea. | | | | |
| INSULATED UNDERWEAR (PANTS) | 2 pr. | | | | |
| INSULATED UNDERWEAR (SHIRT) | 2 ea. | | | | |
| JACKET - SIZE 70 | 1 ea. | | | | 1  1/07 |
| KNIT CAP | 1 ea. | | | 1  10/a0 | |
| KUFI (PERSONAL) | 2 ea. | | | | |
| LAUNDRY BAG | 1 ea. | | | | |
| PAJAMAS (PERSONAL) | 2 ea. | | | | |
| PANTS - SIZE | 2 pr. | 2  2/2/06 | 2  3/8/06 | 2  10/a0 | 2  4/7/07 |
| POCKET T - SHIRT (PERSONAL) | 6 ea. | | | | |
| PRAYER RUG (PERSONAL) | 1 ea. | | | | |
| RELIGIOUS MEDALLION w/CHAIN (PERSONAL) | 1 ea. | | | | |
| SHIRT - SIZE | 2 ea. | 2  2/2/06 | 2  3/8/06 | 2  10/a0 | 2  4/7/07 |
| SHOES - SIZE | 1 pr. | | | | |
| SHORTS - SIZE | 2 ea. | | | | |
| SNEAKERS - SIZE | 1 pr. | | | | |
| SOCKS | 6 pr. | 6  2/2/06 | 5  3/8/06 | 6  10/a0 | 6  4/7/07 |
| SUNGLASSES (PERSONAL) | 1 ea. | | | | |
| SWEATBAND - HEAD (PERSONAL) | 1 ea. | | | | |
| SWEATBAND - WRIST (PERSONAL) | 1 pr. | | | | |
| SWEATPANTS (PERSONAL) | 2 pr. | | | | |
| SWEATSHIRT (PERSONAL) | 2 ea. | 2  2/2/06 | 5  3/8/06 | 0  10/a0 | |
| T - SHIRTS - SIZE | 6 ea. | 6  2/2/06 | 5  3/8/06 | 6  10/a0 | 6  4/7/07 |
| TOWELS | 2 ea. | 2  2/2/06 | | 2  10/a0 | 2  4/7/07 |
| UNDERSHORTS - SIZE | 6 ea. | 6  2/2/06 | 4  3/8/06 | 6  10/a0 | 6  4/7/07 |
| WASH CLOTHS | 2 ea. | 2  2/2/06 | | 2  10/a0 | 2  4/7/07 |
| WEDDING BAND (PERSONAL) | 1 ea. | | | | |
| WRISTWATCH/BAND (PERSONAL) | 1 ea. | | | | |
| FAN | 1 ea. | | | | |
| HEADPHONES | 1 ea. | | | | |
| LOCKER BOX | 1 ea. | | | | |
| RADIO/ SERIAL # | 1 ea. | | | | |
| TV/SERIAL # | 1 ea. | | | | |

DATE ISSUED: _____

INMATE SIGNATURE: _____    STAFF SIGNATURE: _____

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 07-380-SLR |
| v. ) | |
| ) | Jury Trial Requested |
| TOM CARROLL, et al, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF DEPUTY WARDEN DAVID PIERCE

I, David Pierce, having been duly sworn by law, do hereby depose and state as follows:

1. I am employed by the State of Delaware Department of Correction ("DOC") as a Deputy Warden at the Delaware Correctional Center in Smyrna, Delaware ("DCC"). I have been employed by the DOC since January 29, 1996 and as a Deputy Warden at DCC since October 4, 2004.

2. As a Deputy Warden part of my responsibilities include approving requests from the medical provider for special accommodations for inmates.

3. Medical requests for inmates to have special accommodations beyond those authorized by DCC's Inmate Housing Rules must be submitted by the medical provider to my office on a form created specifically for that purpose (the "Medical Memorandum Request Form") (attached hereto as Pierce Affidavit Exhibit 1). The Medical Memorandum Request Form must be signed by a physician and include the specific reasons for the special request.

1

4. Once the medical provider completes and signs the Medical Memorandum Request Form, the signed form is sent to my office for review to ensure that the request does not involve a potential threat to the security at DCC. If the form is free of errors and the request does not pose a threat to security, I approve and sign the form. The security staff at DCC will not accept a Medical Memorandum Request Form for special accommodations if it does not have my signature of approval.

5. Requests for bottom bunks are sent to my office on a regular basis on the Medical Memorandum Request Form. If the form is completed appropriately and signed by a physician, I approve the form and distribute the approved form to the institutional transfer officer. The transfer officer is the central information point at DCC. This officer keeps track of those inmates who require bottom bunks (or other special accommodations) so that inmates are moved in accordance with their needs. The transfer officer will not take an unapproved Medical Memorandum Request Form from the medical provider or an inmate. An approved form must come from my office.

6. In response to a request from Deputy Attorney General Erika Y. Tross, I checked my records to determine if I have on file an approved Medical Memorandum Request Form for a bottom bunk for Inmate Lou G. Price, SBI #454309. My records reveal that I do not have an approved Medical Memorandum Request Form stating that Inmate Price is required to have a bottom bunk.

_/s/ David Pierce_
David Pierce

SWORN AND SUBSCRIBED before me this _31_ day of _December_, 2007.

_/s/_
Notary

2

# EXHIBIT 1
# to Pierce Affidavit

# MEDICAL MEMORANDUM
# REQUEST TO SECURITY

INMATE NAME _____

SBI: _____     HOUSING UNIT _____

CHECK THOSE THAT APPLY

- ☐ Needs bottom bunk for the reason listed below
- ☐ Has been issued the following medical equipment/supplies to be retained in his cell, list below.
    - o Wheelchair (specify reason below)
    - o Brace (specify type below)
    - o Wooden Cane
    - o Wooden crutch(s)
    - o Other (list below)
- ☐ Excuse from work for the time period listed below
- ☐ Other needs/issues (explain below)

PLEASE EXPLAIN REASON FOR REQUEST IN NON-CLINICAL TERMS WHEN POSSIBLE:

_____
_____
_____
_____

START DATE: _____     END DATE: _____

DOCTOR'S PRINTED NAME: _____     SIGNATURE: _____

## Fax request to Deputy Warden Pierce @659-6668
## Place a copy in the HSA's mailbox

FOR ADMINISTRATIVE APPROVAL ONLY          DO NOT WRITE BELOW THIS LINE

APPROVED: _____     DATE: _____

RETURN FOR CLAIFICATION: _____     DATE: _____

REASON: _____
_____
_____
_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-380-SLR |
| v. | ) | |
| | ) | |
| TOM CARROLL, ELIZABETH BURRIS, | ) | |
| D. PIERCE, DAVID K. HOLMAN, | ) | Jury Trial Requested |
| JOSEPH RICHARDSON, A. PROFACI, | ) | |
| D. FIELDS, C.O. BASSINGER, | ) | |
| 3 UNK. KITCHEN C.O.'S, QUANI NEAL, | ) | |
| DR. LOUISE DESROSIERS, | ) | |
| DIETICIAN/NUTRITIONIST CMS, and | ) | |
| M. KNIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

# SEALED EXHIBIT