UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR.,                )<br>                                                          )<br>            Plaintiff,                           )<br>    v.                                               )<br>                                                          )<br>TOM CARROLL, ELIZABETH "BETTY"  )<br>BURNS, D. PIERCE, DAVID K.           )<br>HOLMAN, JOSEPH RICHARDSON,    )<br>A. PROFACI, D. FIELDS, C.O.            )<br>BASSINGER (B-KIT.), 3-UNK.             )<br>KITCHEN C.O.s, QUANI NEAL,           )<br>DR. LOUISE DESROSIERS;                 )<br>DIETICIAN/NUTRITIONIST CMS;       )<br>and M. KNIGHT,                                 )<br>                                                          )<br>            Defendants.                      ) | Case No. 07-380 SLR<br>JURY TRIAL DEMANDED |

---

**DEFENDANTS NEAL AND DESROSIERS NOTICE OF JOINDER AND
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants Shari Neal[1] and Louise Desrosiers, M.D. (collectively "Responding Defendants") by and through their undersigned counsel of record, hereby join in and adopt all arguments set forth in the State Defendants' Response in Opposition to Plaintiff's Second Motion for Injunctive Relief (the "Motion") (D.I. 48) and respond to the Motion (D.I. 41) as follows:

1.    "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.' " *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988)). In ruling on a preliminary injunction, the Court must consider: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer

---

[1] Improperly identified as "Quani Neal".

irreparable harm if the requested relief is granted; and 4) the public interest. *See Clean Ocean Action v. York,* 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if all four factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992). Plaintiff does not carry this burden and so the Motion should be denied.

2. The Plaintiff's Motion appears to be addressed to parties other than the Responding Defendants and does not implicate any act or omission of the Responding Defendants. Accordingly, Plaintiff cannot show that he is likely to succeed on the merits of any claim against the Responding Defendants, and the issuance of an injunction against the Responding Defendants would have no effect on the acts or omissions complained of. Plaintiff's Motion should be denied with respect to the Responding Defendants.

WHEREFORE, for the foregoing reasons, Shari Neal and Louise Desrosiers, M.D. hereby respectfully request Plaintiff's Motion be denied.

BALICK & BALICK, LLC

　　/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants
Shari Neal, R.N. and Louise Desrosiers, M.D.

Date:   January 9, 2007

**CERTIFICATE OF SERVICE**

I, James E. Drnec, hereby certify that on the 9th day of January 2008, the foregoing Defendants Neal and Desrosiers' Notice of Joinder and Opposition to Plaintiff's Motion for Preliminary Injunction was filed via CM/ECF and served First Class Mail upon the following:

Lou Garden Price, Sr.
SBI# 454309
Delaware Correctional Center
1181 Paddock Rd.
Smynra, DE 19977

Erika Yvonne Tross, Esquire
Delaware Department of Justice
820 North French Street
6th Floor
Wilmington, DE 19801

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)