IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-380-SLR |
| | ) |
| TOM CARROLL, ELIZABETH BURRIS, | ) |
| D. PIERCE, DAVID K. HOLMAN, | ) |
| JOSEPH RICHARDSON, A. PROFACI, | ) |
| D. FIELDS, C.O. BASSINGER, | ) |
| QUANI NEAL, DR. LOUISE | ) |
| DESROSIERS, M. KNIGHT, and | ) |
| C.O. HARMON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 19th day of February, 2008, having considered plaintiff's motion for temporary restraining order/preliminary injunction (D.I. 41), and the papers submitted thereto;

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. Plaintiff Lou Garden Price, Sr., a prisoner housed at the Delaware Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. On December 17, 2007, he filed a motion for preliminary injunction to stop defendants' alleged retaliatory conduct as a result of the filing of this lawsuit. (D.I. 41) More particularly, he alleged the retaliatory acts were that he was removed from a lower bunk and his clothing was taken away. The clothing issue is moot. (D.I. 53) Plaintiff had been assigned a lower bunk but, when he was transferred to a different building, he was assigned a top bunk. Defendants were ordered to respond to the motion, and to

explain the discrepancy between the affidavit[1] of deputy warden David Pierce ("Pierce") and a medical note that stated plaintiff needed to be placed on a bottom bunk for his physical safety. (D.I. 42, 53)

2. **Standard**. When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Defendants respond that plaintiff's motion should be denied because plaintiff is not likely to succeed on the merits of his retaliation claim and that he is not in danger of suffering irreparable harm. Plaintiff argues that based upon the documentation, it is obvious that defendants are playing with his health due his current litigation.

4. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." White v.

---

[1] Pierce averred that his records did not have an approved medical memorandum requesting form that plaintiff is required to have a bottom bunk. (D.I. 48, ex. B)

Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. See Crawford-El v. Britton, 523 U.S. 574, 592 (1998); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d at 334.

    5. Plaintiff was transferred to a new cell on November 13, 2007. He had been assigned a bottom bunk, but upon transfer was assigned a top bunk. The records submitted include a memorandum dated February 23, 2006, signed by nurse practitioner Sherel A. Ott ("Ott"), that states, "Due to the above named inmate's [Lou Price] condition (peripheral neuropathy: rt. hand) he needs to be placed on a bottom bunk for his physical safety" and a memorandum from Pierce dated December 12, 2007, that forwarded to health services administrator Moore ("Moore") plaintiff's November 19, 2007 letter regarding the need for a bottom bunk. (D.I. 51, exs.) Moore

responded in a memorandum dated January 3, 2008, that he had reviewed plaintiff's medical records and "regretfully" plaintiff's records did not show probable cause for a bottom bunk memo.[2] (D.I. 56, ex.)

6. In response to the court's January 25, 2008 order, State defendants explain that the Ott memorandum is not the proper form that medical staff members must fill out when a bottom bunk is needed for an inmate and the request form must be signed by a physician. (D.I. 54) According to State defendants, plaintiff was not given a lower bunk because the request was not in the proper form and was not signed by a physician. (Id.) State defendants also explain that the Ott memorandum was never forwarded to Pierce for approval so when plaintiff was transferred Pierce did not have an approved bottom bunk request, which resulted in plaintiff's assignment to the bed space that was available. (Id.) State defendants advise that plaintiff has the opportunity to obtain a bottom bunk if the medical provider deems it necessary. (Id.)

7. Medical defendants state that Ott did not complete the correct form to effect the doctor's order for a bottom bunk for plaintiff. (D.I. 55) Counsel for medical defendants advises the court that, as of February 4, 2008, he had been assured by the health services administrator that the proper form had been completed and faxed to the Pierce's office. (Id.) The court was provided with a copy of the fax.

8. Based upon the medical defendants February 4, 2008 letter, it appears that plaintiff's motion may be moot. Moreover, given the exhibits submitted to the court and

---

[2]Plaintiff believes the memorandum was predated because he did not receive it until February 3, 2008, he had previously spoken to Moore regarding the bunk issue, and they had arranged a meeting for February 1, 2008 wherein plaintiff was advised to bring the Ott memorandum.

the defendants' explanation why plaintiff was not given a bottom bunk, plaintiff has not demonstrated the likelihood of success on the merits. As discussed, Pierce did not have in his records the required medical memorandum request form. Nor does the record support a finding that the failure to provide plaintiff with a bottom bunk was related to retaliation. Finally, while plaintiff has a medical condition and may need a bottom bunk for his safety, there is no indication that, to date, plaintiff has suffered harm due to his current top bunk assignment or that at the present time, he is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

9. **Conclusion**. Therefore, the motion for temporary restraining order/ preliminary injunction (D.I. 41) is **denied**.

*[signature]*
UNITED STATES DISTRICT JUDGE